■ Yan Hen Moy et al., Appellants, v Young T. Lee & Son Realty Corp., Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered April 17, 1992, which, *inter alia,* denied plaintiffs' motion for partial summary judgment on the fourth cause of action, and which granted defendant's cross-motion for summary judgment, unanimously reversed, to the extent appealed from, on the law, plaintiffs' motion for summary judgment on the fourth cause of action is granted, and it is declared that no material breach of the lease has been committed, and that plaintiffs are entitled to continue in possession of the subject premises, without costs.

In this action for declaratory and other relief, the individual

plaintiffs, Yan Hen Moy, Tina Moy, and Winnie Wong Moy (collectively "plaintiffs"), are the lessees under a commercial lease covering the first floor and basement of a mixed-use building located at 28-½ Bowery in Chinatown. Plaintiff Noodletown, Inc., a Chinese restaurant owned by plaintiffs, occupies the space.

The lease, executed in 1966 by the predecessor in interest of defendant Young T. Lee & Son Realty Corp. and plaintiffs and/or their assignors, was for a 99-year term, and followed a British form of leasehold imported to Chinatown via Hong Kong. Under its terms, the lessees prepaid, during the years 1966 and 1967, a total of $40,000 and, from 1977 to 1983, an aggregate of $94,752 in escalating monthly payments. At the end of that period, a nominal annual rent of $1 was required for the remainder of the leasehold, which was approximately 74 years when the order appealed from was entered.

As defined in Paragraph 40 of the lease, the "demised premises" consist of an area shown in a floor plan incorporated in the lease as "Exhibit A", which indicates portions of the first floor and the basement levels in red cross-hatching. The area of the first floor occupied by Noodletown is designated "EXISTING RESTAURANT" on the floor plan. Pursuant to this lease provision, no areas beyond the perimeters of the building are included in the definition of "demised premises".

On January 9, 1989, defendants received a Notice of Violation from the Department of Buildings, citing the operation of a "Fruit Store" not permitted under the certificate of occupancy. It described the following condition: "Altered building (ALT 281/87) occupied at 1st story (South East Bakery, North West Fruit Store, East Side Center Fish Store) without obtaining a certificate of occupancy. *Note: Violation excludes North East Restaurant.* Remedy: obtain certificate of occupancy or discontinue use." (Emphasis added.)

As pertinent to this appeal, the subject of the violation was a sidewalk fruit stand, which had been operated, pursuant to a permit, by Wing Fong Cho, a non-party to this action, and plaintiff Tina Moy, since 1978.*

Asserting that the fruit stand violated the building's certificate of occupancy and, therefore, constituted a breach of the lease, defendant demanded that plaintiffs cure the defect within five days or face termination and cancellation of the

---

* Plaintiffs have no control over the cited bakery and fish store.

lease. When plaintiffs failed to do so, defendant terminated the lease and directed that plaintiffs vacate the premises by February 14, 1989.

Seeking, *inter alia,* a declaration that they were not in violation of the lease, plaintiffs commenced this action on March 13, 1989. In determining plaintiffs' motion and defendant's cross-motion for various relief, including summary judgment, the IAS Court declared the lease to have been validly terminated, and awarded defendant possession of the demised premises. We reverse.

Pursuant to Paragraph 15 of the lease, the tenant "will not at any time use or occupy *the demised premises* in violation of the certificate of occupancy issued for the building of which the demised premises form a part" (emphasis added). Here, the violation which plaintiffs are charged with having failed to cure did not occur on the demised premises, as defined in Paragraph 40 of the lease, but, rather, took place on the sidewalk on the northwest side of the building. Indeed, the Notice of Violation explicitly excepts the "North East Restaurant"—plaintiffs' premises—from the described violation. It should also be noted that the fruit stand was operated by only one of the individual plaintiffs, together with a non-party to this action.

Since the offending condition did not involve the use and occupancy of the demised premises, plaintiffs were not in default of any material obligation under the lease *(see, Malloy v Club Marakesh,* 71 AD2d 614), and the order appealed from is accordingly reversed. Concur—Sullivan, J. P., Ellerin, Kupferman and Kassal, JJ.

