■ MICHAEL DWYER, et al., as Trustees Under Agreement of Trust Dated January 4, 1991, et al., Respondents, v ELIZABETH

ADLER et al., Defendants, and SUSAN ADLER, Appellant. [673 NYS2d 925] —In an action for partition of certain real property, the defendant Susan Adler appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 9, 1997, which, *inter alia,* denied her motion for summary judgment granting her title in fee simple to the subject property, and (2) an order of the same court entered September 17, 1997, which denied her motion, in effect, to renew.

Ordered that the orders are affirmed, without costs or disbursements.

The presumption with recorded deeds is that there was delivery as of the date thereof unless there is evidence to the contrary (*see,* Real Property Law § 244; *Ten Eyck v Whitbeck,* 156 NY 341, 352; *Manhattan Life Ins. Co. v Continental Ins. Co.,* 33 NY2d 370; *Whalen v Harvey,* 235 AD2d 792). The appellant offered no meaningful evidence to rebut the presumption of delivery. The documentary evidence in this case overwhelmingly supports the plaintiffs' position that the recorded deeds were delivered and accepted during the grantors' lifetime.

The purported new evidence submitted on the appellant's renewal motion was based on hearsay and, in any event, would not have altered the result (*see, Matter of Krewer,* 233 AD2d 127; *Moshy v Moshy,* 227 AD2d 182; *Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.