■ SOUTH ROAD ASSOCIATES, LLC, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. [770 NYS2d 126]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Dutchess County (Dillon, J.), dated September 17, 2002, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for partial summary judgment on the issue of liability on the cause of action to recover damages for breach of contract.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The plaintiff, South Road Associates, LLC (hereinafter SRA), leased certain property referred to collectively in the lease as "buildings 952 and 982" in Poughkeepsie to the defendant International Business Machines Corporation (hereinafter IBM). The lease which is the subject of this appeal was entered into in 1981, although IBM previously had leased the property from SRA and a prior owner for decades. Later in 1981, IBM discovered that an underground storage tank was leaking chemical contaminants into the groundwater and soil, and it subsequently embarked on a remediation program overseen by the New York State Department of Environmental Conservation (hereinafter the DEC).

In 1984 SRA and IBM entered into a written agreement in which IBM acknowledged its responsibility for the contamination and for its remediation. The agreement essentially provided that IBM would abate any pollution to the satisfaction of the requisite governmental agencies and that its obligations under the agreement would survive termination of the lease. Over the next several years, IBM installed groundwater monitoring wells and removed contaminated soil.

In 1993 IBM petitioned the DEC to reclassify the site to a Class 4 ("site properly closed-required continued management"), based on its removal of the contaminated soil and the results of groundwater samples. The DEC granted the petition after requiring IBM to install and operate "a pump and treat" system on the property due to residual chlorobenzene in the groundwater. The DEC notified SRA that the reclassification petition had been granted because the source of the contamination and the grossly contaminated soils had been removed and the remaining groundwater contamination was confined to a small area where a pump and treat system was operating. In 1995 the United States Environmental Protection Agency indicated that no further remedial action was planned with respect to the property.

SRA commenced this action against IBM in 2000 alleging,

inter alia, that the contamination remained and had caused a diminution in the value of the property. IBM successfully moved to dismiss certain causes of action, which are not at issue on appeal, so that only the cause of action to recover damages for breach of contract based on breach of the lease remained. The Supreme Court denied IBM's motion for summary judgment dismissing the complaint and granted SRA's cross motion for partial summary judgment on the issue of liability. We conclude that the Supreme Court erred, and the cause of action based on breach of the lease should be dismissed.

The complaint alleged that due to the contamination, IBM failed to return the property in "good order and condition" as contemplated by the lease. SRA relied on paragraph 7 of the lease, which provided, in relevant part, that IBM "will remove its goods and effects . . . and will (a) peaceably yield up to [SRA] the premises in good order and condition . . . and (b) repair all damage to the premises and the fixtures, appurtenances and equipment of [SRA] therein, and to the building, caused by [IBM's] removal of its furniture, fixtures, equipment, machinery and the like and the removal of any improvements or alterations."

Contrary to SRA's contention, the lease is clear and unambiguous that the term "premises" as used in paragraph 7 and in the lease as a whole was intended to refer to the interior of the leased buildings, and not to the land and groundwater. Where the language of a contract is clear and unambiguous, it is to be interpreted by its own language (see R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 32 [2002]). Extrinsic evidence may not be used to create an ambiguity in an agreement which is clear and unambiguous on its face. "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing . . . Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).

The lease defined "premises" as "the space being more particularly shown on the attached floor plan" consisting of a certain number of gross square feet in buildings situated on "land" (emphasis added), which was in turn defined as the real property. Throughout the lease, distinctions were made between the premises, the buildings, the land, and an adjacent parking facility used by IBM. Reading the lease as a whole to determine its meaning (see Matter of Bombay Realty Corp. v Magna Carta, 100 NY2d 124, 127 [2003]), it is clear that paragraph 7 obligated IBM to return the interior space in good order and condi-

tion upon termination of the lease and cannot be construed to include the surrounding soil and groundwater, as SRA contends (*see e.g. Lager Assoc. v City of New York,* 304 AD2d 718 [2003]; *Yan Hen Moy v Lee & Son Realty Corp.,* 187 AD2d 287 [1992]).

Moreover, IBM is not judicially estopped from arguing that its obligations under paragraph 7 of the lease are limited to the interior of the buildings. The doctrine of judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436 [1995]). The acknowledgment by IBM in prior proceedings in federal court and before the DEC that it leased "real property" from SRA and that it was responsible for the contamination on the property is not inconsistent with its position in this case that its obligations under paragraph 7 of the lease are limited to the interior space of the buildings.

SRA based its breach of contract cause of action on the "good order and condition provision" in paragraph 7 of the lease, and therefore, in the absence of any allegation that IBM did not leave the interior space of the buildings in good order and condition, that cause of action should have been dismissed. The complaint did not include any allegation that IBM breached the provisions of the parties' 1984 agreement regarding abatement of the contamination, and SRA has not argued on appeal that its breach of contract cause of action is based on the 1984 agreement.

SRA's remaining contentions are without merit. Altman, J.P., Florio and Mastro, JJ., concur.

Friedmann, J., dissents and votes to affirm the order, with the following memorandum: Because I conclude that the Supreme Court properly denied IBM's motion for summary judgment dismissing the complaint and properly granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract, I respectfully dissent and vote to affirm the order appealed from.

Recently, the Court of Appeals reiterated the well-settled rule that "[a] written contract will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose . . . The meaning of a writing may be distorted where undue force is given to single words or phrases" (*Matter of Westmoreland Coal Co. v Entech, Inc.,* 100 NY2d 352, 358 [2003] [internal quotation marks and citations omitted]; *see Atwater &*

*Co. v Panama R.R. Co.,* 246 NY 519, 524 [1927] [when interpreting a contract, a court must "examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought."]). The language of a contract must be interpreted "to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Petracca v Petracca,* 302 AD2d 576, 577 [2003]; *see Pellot v Pellot,* 305 AD2d 478, 480 [2003]; *DelDuca v DelDuca,* 304 AD2d 610 [2003]).

Applying the foregoing to this case, I conclude that the Supreme Court correctly determined that the lease between the plaintiff and IBM required IBM to return the entire property leased, not merely the interior of the buildings on the property, to the plaintiff "in good order and condition." As stated by the Supreme Court, the subject lease gave IBM "rights, obligations, use and occupancy of a leasehold that extend[ed] beyond" the mere space of the buildings on the property to the entire property itself. The subject lease clearly contemplated that IBM would occupy the entire property, and therefore, that it would have to return the entire property in good order and condition. However, IBM did not do so. The soil and groundwater on the property suffered contamination when chemicals leaked from a holding tank, which IBM installed in the ground on the property, into the soil. In my view, IBM cannot escape responsibility for such contamination and for its obligation to return the premises in good order and condition by claiming that its sole obligation was to return the office space in the buildings in good order and condition. Therefore, I would affirm the order denying IBM's motion for summary judgment and granting the plaintiff's cross motion for summary judgment on the issue of liability or the cause of action to recover damages for breach of contract.