■ Nidia Minier, Respondent, v City of New York et al., Respondent, and Tucci Equipment Rental Corp., Appellant, et al., Defendants. (And a Third-Party Action.) [926 NYS2d 621]—

In an action to recover damages for personal injuries, the defendant Tucci Equipment Rental Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 27, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Tucci Equipment Rental Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly was injured when she slipped and fell in a crosswalk at the intersection of Wilson Avenue and Melrose Street in Brooklyn. The plaintiff alleged that the defendant Tucci Equipment Rental Corp. (hereinafter Tucci) negligently performed work at the site several years earlier.

The Supreme Court erred in denying Tucci's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. After Tucci established its prima facie entitlement to judgment as a matter of law, the plaintiff, in opposition, failed to raise a triable issue of fact. Although a contractor may be liable for an affirmative act of negligence

which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202 [1950]; *Losito v City of New York*, 38 AD3d 854 [2007]; *Kleeberg v City of New York*, 305 AD2d 549, 550 [2003]), it would be mere speculation to conclude that the allegedly dangerous condition which caused the plaintiff to slip and fall was caused by any affirmative act of negligence by Tucci. The only evidence proffered by the plaintiff was a street-opening permit issued to Tucci for the square of the subject intersection, which did not encompass the cross-walk where the plaintiff fell (*see Kleeberg v City of New York*, 305 AD2d at 550; *see also Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512-513 [2005]; *Nash v Village of Cedarhurst*, 291 AD2d 485, 486 [2002]; *Humphreys v Veneziano*, 268 AD2d 461, 462 [2000]; *Amarante v Village of Tarrytown*, 226 AD2d 488 [1996]). Rivera, J.P., Florio, Austin and Cohen, JJ., concur.