■ NINA REYDERMAN, Respondent, v MEYER BERFOND TRUST #1, Also Known as BIG KNAPP, LLC, Defendant/Third-Party Plaintiff-Appellant-Respondent. AVENTURA CONSTRUCTION SERVICES, LLC, et al., Third-Party Defendants-Respondents, and ROBBINS AND COWAN, INC., Third-Party Defendant-Respondent-Appellant. [935 NYS2d 28]—

The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting premises owned by the defendant/third-party plaintiff, Meyer Berfond Trust #1, also known as Big Knapp, LLC (hereinafter Meyer), and leased to the third-party defendant Astoria Federal Savings & Loan Assoc. (hereinafter Astoria Federal). Astoria Federal had retained the third-party defendant Robbins and Cowan, Inc. (hereinafter Robbins), about seven years before the accident to perform construction work, which involved some incidental work on the abutting sidewalk. Robbins moved for summary judgment dismissing, inter alia, the third-party complaint and all cross claims insofar as asserted against it, contending that it did not affirmatively create the alleged defect. Meyer cross-moved for summary judgment dismissing the complaint, contending, among other things, that as an out-of-possession landlord, it could not be held liable for the plaintiff's injuries. In the alternative, it sought summary judgment on its third-party cause of action for contractual indemnification against Astoria Federal. The Supreme Court, inter alia, denied both those branches of the motion, and the cross motion.

The Supreme Court properly denied Meyer's cross motion. "An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct" (*Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 15 [2d Dept 2011]). Meyer failed to establish, prima facie, that the sidewalk at issue was part of the demised premises and that Astoria Federal assumed the duty to maintain the sidewalk abutting its building (*see South Rd. Assoc. v International Bus. Machs. Corp.*, 2 AD3d 829, 831 [2003], *affd* 4 NY3d 272 [2005]; *Yan Hen Moy v Lee & Son Realty Corp.*, 187 AD2d 287, 289 [1992]; *cf. Beda v City of New York*, 4 AD3d 317 [2004]; *Ribacoff v City of Mount Vernon*, 251 AD2d 482 [1998]). Additionally, pursuant to the Administrative Code of the City of New York § 7-210, Meyer has a statutory duty to maintain the sidewalk abutting its premises (*see James v Blackmon*, 58 AD3d 808 [2009]). Meyer failed to establish, prima facie, that it fulfilled its nondelegable duty to maintain the sidewalk in a reasonably safe condition and, thus, Meyer failed to show that it was entitled to summary judgment dismissing the complaint. Moreover, since Meyer failed to establish, prima facie, that the abutting sidewalk was part of the leasehold, it failed to establish,

prima facie, that it was entitled to contractual indemnification from Astoria Federal (*see D'Alto v 22-24 129th St., LLC*, 76 AD3d 503, 507 [2010]). Since Meyer failed to meet its initial burden, we need not review the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court should have granted those branches of Robbins's motion which were for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it. Although a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Minier v City of New York*, 85 AD3d 1134 [2011]; *Losito v City of New York*, 38 AD3d 854 [2007]), Robbins established, prima facie, that the allegedly dangerous condition was not caused by any affirmative act of negligence on its part (*see Kleeberg v City of New York*, 305 AD2d 549 [2003]). In opposition, no triable issue of fact was raised. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.