In an action to recover damages for personal injuries, the defendants H. Lee Blumberg, Joann Blumberg, and Judith Aron *746 Blumberg, as executrix of the estate of Robert C. Blumberg, appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 1, 2011, as denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them and for summary judgment on their cross claim against the defendant Styles on Broadway, Inc., for indemnification and contribution.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the appellants, among others, alleging that the appellants owned certain premises on Broadway in the Village of Amityville, and that the plaintiff sustained personal injuries after tripping and falling on a defective portion of the sidewalk adjacent to the subject premises.
The Supreme Court properly denied that branch of the appellants’ motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. Village of Amityville Code § 152-8 imposes a duty on owners and occupants of real property in the Village to maintain adjacent sidewalks in a safe condition, and provides that such owners and occupants shall be liable in tort for any injury caused by their failure to do so (see Hausser v Giunta, 88 NY2d 449, 453 [1996]; Hevia v Smithtown Auto Body of Long Is., Ltd., 91 AD3d 822, 822-823 [2012]; Reyderman v Meyer Berfond Trust #1, 90 AD3d 633, 634 [2011]). Contrary to the appellants’ contention, they failed to establish, as a matter of law, that the defect complained of was trivial, and therefore not actionable (see Guidone v Town of Hempstead, 94 AD3d 1054, 1055 [2012]; Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857, 858 [2012]; Perez v 655 Montauk, LLC, 81 AD3d 619, 620 [2011]).
The parties’ remaining contentions are without merit. Eng, EJ., Dillon, Lott and Cohen, JJ., concur.