■ ROSEMARIE STEPHEN, Appellant, v BROOKLYN PUBLIC LI-BRARY, Respondent, et al., Defendant. [992 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated May 4, 2012, which denied her motion to vacate the dismissal of the complaint insofar as asserted against the defendant Brooklyn Public Library and, thereupon, to restore the action against that defendant to the trial calendar.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not improperly direct the dismissal of the complaint insofar as asserted against the defendant Brooklyn Public Library (herein-after the Library), sua sponte, as the record reflects that the Library moved for summary judgment dismissing the complaint insofar as asserted against it. Moreover, the plaintiff waived any argument with respect to the motion being untimely (*see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466 [1978]; *Gresser v Princi*, 128 AD2d 752 [1987]).

On the merits, the Supreme Court properly denied the plaintiff's motion to vacate the dismissal of the complaint insofar as asserted against the Library and, thereupon, to restore the action against that defendant to the trial calendar. An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regula-tion, by contract, or by a course of conduct (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633 [2011]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 15 [2011]). The Library established that the defendant City of New York owned the premises abutting the sidewalk area where the accident al-legedly occurred and that the Library did not assume a duty to maintain that area of the sidewalk (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d at 633). Pursuant to Administrative Code of the City of New York § 7-210, the City, as owner, had a statutory duty to maintain the sidewalk abutting its premises at the alleged accident location (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d at 633).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.