■ Michael Santelises et al., Respondents-Appellants, v Town of Huntington, Respondent, Kings Park Industries, Inc., Defendant/Third-Party Plaintiff-Respondent, and Suffolk County Water Authority, Defendant/Second Third-Party Plaintiff-Appellant. Pat Noto, Inc., Second Third-Party Defendant/Third Third-Party Plaintiff-Respondent; Roy Wanser, Inc., Third Third-Party Defendant-Respondent, et al., Third-Party Defendant. [2 NYS3d 574]—

In an action to recover damages for personal injuries, etc., the defendant/second third-party plaintiff, Suffolk County Water Authority, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated July 23, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion of the second third-party defendant/third third-party plaintiff, Pat Noto, Inc., which was for summary judgment dismissing the second third-party complaint and all cross claims asserted against it, and granted that branch of the cross motion of the third third-party defendant, Roy Wanser, Inc., which was for summary judgment dismissing the third third-party complaint and all cross claims asserted against it, and the plaintiffs, Michael Santelises and Maria Santelises, cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the separate cross motions of the defendant Town of Huntington and the defendant Kings Park Industries, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal by Suffolk County Water Authority from so much of the order as granted that branch of the cross motion of Roy Wanser, Inc., which was for summary judgment dismissing the third third-party complaint is dismissed, as Suffolk County Water Authority is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the Town of Huntington which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of that cross motion; as so modified, the order is affirmed insofar as reviewed on the appeal by Suffolk County Water Authority and insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the Town of Huntington, one bill of costs is awarded to Pat Noto, Inc., and Roy Wanser, Inc., payable by Suffolk County Water Authority, and one bill of costs is awarded to Kings Park Industries, Inc., payable by the plaintiffs.

On October 16, 2005, Michael Santelises was riding his bicycle north on Waterside Road near its intersection with Seaside Court in Northport, which is located in the Town of Huntington, when he allegedly struck an object in the road, was thrown from his bicycle, and sustained injuries. While lying in the road approximately 10 feet from the point where he felt the impact of an object against his bicycle, he observed a round black object protruding from the roadway. When the police arrived, they told him that this object was a water valve shut-off cap. At the time, the Town was in the process of rehabilitating and repairing the roadway alongside the shoulder of the road; this repair involved installation of drainage ditches, which, in turn, required that water service temporarily be shut off in adjacent underground pipes, which were the property of the Suffolk County Water Authority (hereinafter SCWA).

Santelises, and his wife suing derivatively, commenced this action against the Town, SCWA, and Kings Park Industries, Inc. (hereinafter KPI), the contractor hired by the Town in connection with the road repair project. As relevant here, SCWA commenced a second third-party action against Pat Noto, Inc. (hereinafter Noto), which had been hired by SCWA to offset an existing water main and install drainage structures on Waterside Road. Noto commenced a third third-party action against Roy Wanser, Inc. (hereinafter Wanser), the corporation hired by Noto to complete all of Noto's work under its contract with

SCWA. SCWA, the Town, KPI, Noto, and Wanser all moved, inter alia, for summary judgment dismissing the causes of action asserted against them.

In determining a motion for summary judgment dismissing a complaint, all of the evidence must be viewed in the light most favorable to the opponent of the motion, and all reasonable inferences must be resolved in that party's favor (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]). The Supreme Court properly denied SCWA's motion for summary judgment dismissing the complaint insofar as asserted against it, as it failed to establish its prima facie entitlement to judgment as a matter of law by offering proof that eliminated all triable issues of fact as to whether its conduct caused or created the roadway condition complained of by the plaintiffs (*see Altinel v John's Farms*, 113 AD3d 709 [2014]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d at 921).

A contractor such as KPI may be liable for an affirmative act of negligence that results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202 [1950]; *Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633 [2011]; *Minier v City of New York*, 85 AD3d 1134 [2011]; *cf. Losito v City of New York*, 38 AD3d 854 [2007]). However, KPI established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not create or cause the alleged dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633 [2011]; *Minier v City of New York*, 85 AD3d 1134 [2011]). Similarly, and contrary to SCWA's contention, Noto established its prima facie entitlement to judgment as a matter of law dismissing the second third-party complaint. In opposition, SCWA failed to raise a triable issue of fact (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633 [2011]; *Minier v City of New York*, 85 AD3d 1134 [2011]).

The Supreme Court, however, should not have granted the Town's cross motion for summary judgment dismissing the complaint insofar as asserted against it, which it made on the ground that it had no prior written notice of the defect that caused the plaintiff's fall. Although the Town generally may not be held liable for a defective condition on a Town roadway unless it has received prior written notice thereof (*see* Code of Town of Huntington § 174-3 [A]), an exception applies where the Town has created the defect through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474

[1999]). In light of the Supreme Court's unchallenged determination that a triable issue of fact exists as to whether a contractor hired by the Town created the subject defect during the course of the installation of storm drains on Waterside Road in the autumn of 2005, there is also a triable issue of fact as to whether the Town is responsible for the creation of the defect through the contractor's actions and, thus, whether the affirmative negligence exception to the prior written notice rule applies (*see Tumminia v Cruz Constr. Corp.*, 41 AD3d 585, 586 [2007]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.