■ Michael N. McCarthy, as Preliminary Executor of Ruth E. Corkwell-Deberti, Also Known as Ruth Elizabeth Corkwell-Deberti, Deceased, Appellant, v Frank Kaminski et al., Respondents, et al., Defendant. [15 NYS3d 892]—In an action, inter alia, to set aside three deeds, which was transferred from the Supreme Court, Suffolk County, the plaintiff appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), entered August 7, 2013, which, upon a decision dated December 18, 2012, made after a nonjury trial, dismissed the complaint insofar as asserted against the defendants Frank Kaminski and Ernest Saasto.

Ordered that the decree is affirmed, without costs or disbursements.

To establish the existence of a valid inter vivos gift, the donee must prove three elements by clear and convincing evidence: the donor's intent to make a present transfer; actual or constructive delivery to the donee; and the donee's acceptance (see *Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *Bader v Digney*, 55 AD3d 1290, 1291 [2008]).

A court sitting as a factfinder at a nonjury trial has the advantage of being present for the witnesses' testimony and, accordingly, we give great deference on appeal to that court's credibility assessments (see *Matter of Piterniak*, 16 AD3d 513, 514 [2005]). Here, taking into account the Surrogate Court's credibility assessments, we agree with that court that the de-

fendants satisfied their burden of demonstrating that the decedent validly gifted the three subject properties to the defendant Frank Kaminski by deeds drafted by the defendant Ernest Saasto (*see Bader v Digney*, 55 AD3d at 1291-1292; *Dwyer v Adler*, 251 AD2d 535, 535 [1998]). Therefore, we affirm the decree. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.