762 Park Place Realty, LLC v Levin (2018 NY Slip Op 03823)





762 Park Place Realty, LLC v Levin


2018 NY Slip Op 03823


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-06994
 (Index No. 510838/14)

[*1]762 Park Place Realty, LLC, et al., plaintiffs, 
v
Ayala Levin, respondent, Shlomo Lehrer, appellant, et al., defendants.


Kaplan Kravet & Vogel P.C., New York, NY (Donald J. Kravet and Maria E. Rodi of counsel), for appellant.
Condon & Associates, PLLC, Nanuet, NY (Brian K. Condon and Laura M. Catina of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Shlomo Lehrer appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 25, 2016. The order, insofar as appealed from, denied that branch of his motion which was for summary judgment dismissing the intervenor complaint insofar as asserted against him, and granted that branch of the plaintiff intervenor's cross motion which was for leave to amend the intervenor complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Shlomo Lehrer which was for summary judgment dismissing the intervenor complaint insofar as asserted against him is granted, and that branch of the plaintiff intervenor's cross motion which was for leave to amend the intervenor complaint is denied.
In November 2014, Avraham Lehrer and others commenced this action against his brother, Shlomo Lehrer, among others, alleging that Avraham owned 100% of 762 Park Place Realty, LLC (hereinafter the LLC), and therefore, Avraham was entitled to the proceeds from the sale of real property owned by the LLC. In prior orders, the Supreme Court directed dismissal of the complaint and imposed sanctions against Avraham, based, inter alia, on documentary evidence
demonstrating that Avraham held no interest in the LLC.
In March 2015, an intervenor complaint was filed by Ayala Levin, the sister of Shlomo and Avraham, alleging that based on an agreement signed by her, Shlomo, and Avraham in 2008 (hereinafter the 2008 agreement), she was 50% owner of the LLC and therefore entitled to 50% of the sale proceeds. Shlomo moved, inter alia, for summary judgment dismissing the intervenor complaint insofar as asserted against him. In the order appealed from, the Supreme Court, inter alia, denied that branch of the motion, and Shlomo appeals.
Shlomo established his prima facie entitlement to judgment as a matter of law by demonstrating that the causes of action asserted in the intervenor complaint depend on the 2008 agreement, which purportedly provided for a future transfer of an interest in the LLC to Ayala, and that the agreement is unenforceable for lack of consideration (see Beitner v Becker, 34 AD3d 406, [*2]407-408). In response to this showing, Ayala failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Callisto Pharm., Inc. v Picker, 74 AD3d 545). Contrary to Ayala's contentions, Shlomo's position on his prior motion to dismiss Avraham's complaint, i.e., that the 2008 agreement demonstrates that Avraham had no interest in the LLC, is not inconsistent with Shlomo's present position that the 2008 agreement lacks consideration from Ayala and is, therefore, unenforceable (see Warnecke v Warnecke, 12 AD3d 502; South Rd. Assoc. v International Bus. Machs. Corp., 2 AD3d 829, 832, affd 4 NY3d 272). Even if the purported transfer provision of the 2008 agreement is considered a gift to Ayala, there was no delivery, and any purported gift was therefore incomplete (see Gruen v Gruen, 68 NY2d 48, 56; McCarthy v Kaminski, 131 AD3d 950). Accordingly, the Supreme Court should have granted that branch of Shlomo's motion which was for summary judgment dismissing the intervenor complaint insofar as asserted against him.
In the order appealed from, the Supreme Court also granted that branch of Ayala's cross motion which was for leave to amend the intervenor complaint. While leave to amend the pleadings shall be freely given (see CPLR 3025[b]), leave should not be granted when the proposed amendment is palpably insufficient or devoid of merit (see Darby Group Cos., Inc. v Wulforst Acquisition, LLC, 130 AD3d 866, 867). Here, the proposed breach of contract cause of action must fail on the ground that the purported transfer provision of the 2008 agreement allegedly breached is unenforceable for lack of consideration. The proposed cause of action for dissolution of the LLC also must fail because an application for dissolution of an LLC must be made by or for a member of the LLC (see Limited Liability Company Law § 702). Ayala failed to demonstrate that she was a member of the LLC and she did not interpose the intervenor complaint on behalf of a member of the LLC. Accordingly, that branch of the cross motion which was for leave to amend the intervenor complaint should have been denied.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court