■ In the Matter of the Estate of ANNE PARTOS, Deceased. STEPHEN E. PARTOS, Appellant-Respondent; ANTHONY T. CATANESE, JR., et al., Respondents-Appellants. [611 NYS2d 30] —In a proceeding pursuant to EPTL 5-1.1, *inter alia,* to determine the assets subject to the right of election to take a share of a decedent's estate, (1) Stephen E. Partos appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated June 28, 1993, to the extent it denied, *inter alia,* those branches of his cross motion which were for summary judgment determining that certain assets were subject to the right of election, and (2) the petitioners cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion for summary judgment which were to exclude certain assets from the right of election.

Ordered that the order is modified, on the law, by adding thereto, after the third decretal paragraph, the following: "Ordered that the petitioners' motion to exclude those Dime Savings Bank accounts established by the decedent solely in the name of Stephanie Catanese, Joseph Tolve, Jr., Louis Tolve, Mary Ann Robbins and Louise Deuth from the assets subject to a right of election is granted; and it is further," and as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find that the petitioners tendered sufficient evidence to demonstrate that the Dime Savings Bank accounts at issue were intended by the decedent to be *inter vivos* gifts. To make a valid *inter vivos* gift the donor must intend to make an irrevocable present transfer of ownership, there must be a delivery of the gift, either by a physical delivery of the subject of the gift or a constructive or symbolic delivery, and there must be acceptance by the donee. The law will presume an acceptance when the gift is of value *(see, Gruen v Gruen,* 68 NY2d 48; *see also, Matter of Giacalone,* 143 AD2d 749). The respondent's conclusory allegation that the accounts were gifts *causa mortis* because the decedent made them in contemplation of her death is insufficient to defeat the motion for

summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557).

The Surrogate's Court properly denied the respondent's cross-motion for summary judgment regarding the decedent's contribution to certain properties held jointly by the decedent and others. The respondent failed to satisfy his burden of establishing the proportion of the decedent's contribution to these jointly held properties *(see,* EPTL 5-1.1 [b] [3]).

The respondent was not entitled to the imposition of a constructive trust on the marital property located in Rye, New York, since he failed to establish the elements necessary to impose a constructive trust, including that copetitioner Anthony T. Catanese, Jr., was unjustly enriched by his interest in the marital property *(see, e.g., Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939).

The respondent's remaining contentions are either without merit or are not properly before this Court because they are raised for the first time on appeal *(see, Block v Magee,* 146 AD2d 730; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.