■ In the Matter of the Estate of ROBERT HUYOT, Deceased. BONNIE HUYOT-RENOIR, Appellant; MARILESE FLUSSER et al.,

Respondents, et al., Respondent. [714 NYS2d 344] —In a proceeding, *inter alia*, to recover money allegedly owed to the petitioner by the decedent under purported written and oral contracts, the petitioner appeals, as limited by her brief, from so much of an order and decree (one paper) of the Surrogate's Court, Putnam County (Sweeny, S.), dated September 23, 1999, as dismissed the petition.

Ordered that the order and decree is affirmed insofar as appealed from, with costs payable to the respondents-respondents by the appellant personally.

The appellant erroneously contends that a letter dated February 12, 1986, written by the decedent directing his bank to "put at the disposition" of the appellant the sum of $125,000 "in case [he] died unexpectently [*sic*]" was a gift. The letter did not constitute a gift to the appellant because the decedent did not intend to transfer any present interest, but, rather, intended the letter to have no effect until after his death (*see, Gruen v Gruen,* 68 NY2d 48, 55). The decedent therefore retained the power to revoke at will the instructions contained in the letter, which he did pursuant to a subsequent letter dated December 15, 1989. Moreover, the alleged oral promises made by the decedent to the petitioner are unenforceable pursuant to EPTL 13-2.1 (a) (2) and General Obligations Law § 5-701 (a) (1) (*see, Baron v Jeffer,* 131 AD2d 411). Accordingly, the Surrogate's Court properly dismissed the petition. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.