■ STEPHEN W. SHYBUNKO, Appellant, v GEODESIC HOMES, INC., et al., Respondents. [883 NYS2d 596]—

In a proceeding pursuant to CPLR article 78 which was converted into an action for a judgment declaring that the plaintiff was a shareholder of the defendant corporation Geodesic Homes, Inc., and to compel the defendants to permit the plaintiff to inspect the corporate books and records, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 25, 2007, which granted the defendants' motion for summary judgment and denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleged that in 1991 and 1992 he acquired a 20% interest in the defendant Geodesic Homes, Inc. (hereinafter Geodesic), from his parents the defendants Daniel J. Shybunko (hereinafter Daniel) and Carol J. Shybunko (hereinafter together the Shybunkos), who gifted shares of stock in Geodesic to him and his four siblings (hereinafter collectively the children). After a falling out with Daniel, in December 2003 the plaintiff commenced a proceeding pursuant to CPLR article 78, which was later converted into this action for a judgment declaring that he was a shareholder of Geodesic, and to compel the defendants to permit him to inspect the corporate books and records.

The defendants moved for summary judgment, asserting that no valid inter vivos gift of stock was made, as the Shybunkos contemplated a transfer of stock and prepared stock certificates bearing the names of the children, but the transfer was never effectuated. In support of the motion, the defendants submitted,

among other things, affidavits from the plaintiff's siblings, who attested that the stock certificates were prepared as part of the Shybunko's "long term succession planning," and that Daniel told them he "would hold the . . . stock certificates in his safe deposit box until he knew how he would dispose of them," but that they "might never receive stock ownership." The defendants also submitted excerpts from the transcript of a January 1993 family meeting, at which Daniel told his children that he was "not giving [them] the stock," but was "keeping it" because he "still want[ed] to use that asset [as] collateral" for loans.

The plaintiff cross-moved for summary judgment, asserting that the Shybunkos made a valid inter vivos gift of a remainder interest in the stock, while Daniel reserved a life estate in the stock for himself. The plaintiff maintained that the stock transfers were effectuated, and were memorialized by a four page document, on Geodesic letterhead, admittedly prepared and signed by Daniel and entitled "Chronological Summary." The "Chronological Summary" referred to stock transfers on December 1, 1991 and March 16, 1992 and listed the "Stockholder status as of 17 March 1992" as each of the five children holding 20% of the shares of stock in Geodesic. Daniel acknowledged that he gave each of the children a copy of that document, but he could not recall when. The plaintiff also asserted that Daniel provided him with a copy of a November 1998 document entitled "Daniel J. Shybunko Financial Data," which listed Daniel's initials "DJS" next to a notation of 0% stock in Geodesic, and the initials of the five children each next to a notation of 20% stock. In addition, the plaintiff relied on portions of the transcript from the 1993 family meeting, at which Daniel told his children "[l]egally the [stock is] yours, but I want to control it," that "[i]t's already done," and that he "put it all in writing" in case "it's ever questioned for some reason."

In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment and denied the plaintiff's cross motion for summary judgment. The Supreme Court found that "a valid inter vivos gift was not made" because Geodesic's stock ledger did not reflect a transfer of stock to the children, and Daniel "manifest[ed] a clear intention . . . not to make a present gift of the stock" by retaining control of the certificates.

Although the Supreme Court properly denied the plaintiff's cross motion for summary judgment, it erred in granting the defendants' motion for summary judgment. "To make a valid *inter vivos* gift the donor must intend to make an irrevocable present transfer of ownership, there must be a delivery of the

gift, either by a physical delivery of the subject of the gift or a constructive or symbolic delivery, and there must be acceptance by the donee. The law will presume an acceptance when the gift is of value" (*Matter of Partos,* 203 AD2d 578, 578 [1994]; *see Gruen v Gruen,* 68 NY2d 48 [1986]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether Daniel had the requisite donative intent to make an irrevocable present transfer of a remainder interest in the stock and whether that transfer was actually effectuated (*see Gruen v Gruen,* 68 NY2d at 53-56; *Ingram v Cunningham,* 262 AD2d 454 [1999]). The mere fact that Daniel retained possession of the stock certificates and control over Geodesic's operation was not inconsistent with his intention to make a present transfer of a remainder interest in the stock, while reserving a life estate for himself (*see Gruen v Gruen,* 68 NY2d at 54; *see also Bader v Digney,* 55 AD3d 1290, 1292 [2008]). Furthermore, assuming that the documentation which Daniel provided to the plaintiff was intended to memorialize the alleged stock transfers, a valid inter vivos gift of stock was not precluded by the absence of a transfer of record on the corporate books, particularly since Daniel acknowledged that he did not record other stock transfers to his wife on the corporate books (*see Gruen v Gruen,* 68 NY2d at 56-57; *cf. Matter of Szabo,* 10 NY2d 94, 98-99 [1961]).

Moreover, there is a triable issue of fact as to whether the undated document entitled "Chronological History" was prepared by Daniel prior to the alleged stock transfers as a mere "planning document" or to memorialize those transfers after they occurred. Accordingly, neither party was entitled to summary judgment.

The defendants' remaining contentions are without merit. Florio, J.P., Miller, Covello and Austin, JJ., concur.