ERIC ROSS, Individually and as Executor of LUISA ROSS, Deceased, Appellant, v ROSS METALS CORPORATION, Respondent. JACK ROSS et al., Nonparty Respondents. [928 NYS2d 327]—

The defendant, Ross Metals Corporation (hereinafter Ross Metals), entered into an agreement (hereinafter the agreement) in September 1996 which provided, among other things, that it would pay the sum of $1,800,000 to Miguel Ross and Luisa Ross, representing $900,000 to each in exchange for their respective shares of stock in a closely held corporation. The payments were to be made in monthly installments over the course of 15 years and, "in the event of the disability or death of either Miguel Ross or Luisa Ross, their 50% portion of the monthly payment [was to be] paid to their respective heirs, distributees and/or assigns."

Miguel Ross died in February 1999. In his will, he explicitly disinherited his sons Jack Ross, Jaime Ross, and Josh Ross, but created a credit shelter trust for the benefit of his wife, Luisa Ross, the remainder beneficiary of which was his son Eric Ross, the plaintiff in this case. The residuary of the estate was left to Luisa Ross, who died in March 2006.

The plaintiff commenced this matter in the Supreme Court, New York County, in his individual capacity and as executor of the estate of his mother, Luisa Ross, to recover damages for breach of contract and anticipatory breach of contract, alleging that Ross Metals failed and refused to make payments (hereinafter the disputed monthly payments) that were due to him individually as the remainder beneficiary of the trust created by his father's will and due to the estate of Luisa Ross.

After the action was transferred to the Surrogate's Court, Kings County, and after that court directed that Jack Ross, Jaime Ross, and Josh Ross be joined as necessary parties, Jack Ross moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), in effect, on the ground that the disputed monthly payments constituted inter vivos gifts under the agreement. He also moved to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (3) on the ground that the plaintiff did not have standing to recover in his individual capacity. The plaintiff cross-moved for summary judgment on the complaint. Jack Ross opposed the plaintiff's cross motion.

The Surrogate's Court granted that branch of Jack Ross' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), in effect, concluding that the agreement unambiguously demonstrated that Miguel Ross and Luisa Ross intended

to donate the disputed payments to their four sons—Eric Ross, Jack Ross, Jaime Ross, and Josh Ross—as inter vivos gifts. Because it dismissed the complaint pursuant to CPLR 3211 (a) (1), the Surrogate's Court did not rule on that branch of Jack Ross' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) insofar as asserted by the plaintiff Eric Ross in his individual capacity, and it denied the plaintiff's cross motion for summary judgment. We modify.

"To make a valid *inter vivos* gift the donor must intend to make an irrevocable present transfer of ownership, there must be a delivery of the gift, either by a physical delivery of the subject of the gift or a constructive or symbolic delivery, and there must be acceptance by the donee" (*Matter of Partos*, 203 AD2d 578, 578 [1994]; *see Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *Matter of Szabo*, 10 NY2d 94, 98 [1961]; *Shybunko v Geodesic Homes, Inc.*, 65 AD3d 581, 583-584 [2009]). "An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership; if the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will" (*Gruen v Gruen*, 68 NY2d at 53). Moreover, "[t]he delivery required must be such as to vest the donee with control and dominion over the property . . . [and] 'intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given' " (*Matter of Szabo*, 10 NY2d at 98, quoting *Vincent v Rix*, 248 NY 76, 83 [1928]). "[T]he proponent of a gift has the burden of proving each of these elements by clear and convincing evidence" (*Gruen v Gruen*, 68 NY2d at 53).

The plaintiff established, prima facie, his entitlement to judgment as a matter of law with respect to the first and third causes of action by submitting a copy of the agreement and demonstrating that Ross Metals failed to make payments that had come due under its terms (*see Express Shipping, Ltd. v Gold*, 63 AD3d 669, 671 [2009]). In opposition, Jack Ross failed to raise a triable issue of fact as to whether the disputed monthly payments that had come due under the terms of the agreement constituted inter vivos gifts (*see Matter of Kelligrew*, 63 AD3d 1064, 1065-1066 [2009]). Jack Ross failed to demonstrate that Miguel Ross and Luisa Ross intended to make an irrevocable present transfer of ownership of the disputed monthly payments when they entered into the agreement since, by its terms, they retained control over the distribution of the disputed monthly payments (*see McCarthy v Pieret*, 281 NY 407, 413 [1939]; *Matter of Roth*, 283 AD2d 504, 504 [2001]; *Chase Lincoln First Bank v Watson*, 139 AD2d 903 [1988]). Moreover, Jack

Ross failed to submit evidence sufficient to raise a triable issue of fact as to whether a valid delivery ever occurred (*see Matter of Lefft*, 44 NY2d 915, 918 [1978]; *Matter of Szabo*, 10 NY2d at 98-99; *Matter of Baum*, 66 AD3d 412, 414 [2009]; *Matter of Clouse*, 292 AD2d 675, 677 [2002]; *Lichtenstein v Eljohnan, Inc.*, 161 AD2d 397, 398 [1990]; *cf. Speelman v Pascal*, 10 NY2d 313 [1961]). Accordingly, the Surrogate's Court should have granted those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action, and should have denied those branches of Jack Ross's motion which were to dismiss the first and third causes of action pursuant to CPLR 3211 (a) (1).

Jack Ross contends, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]) that those branches of his motion which were to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (3) insofar as asserted by him in his individual capacity should be granted. However, his contentions regarding those branches of the motion are without merit (*see Garland v Raunheim*, 29 AD2d 383, 387-388 [1968]).

However, the Surrogate's Court properly denied those branches of the plaintiff's motion which were for summary judgment on the second and fourth causes of action. Given the absence of an acceleration clause in the agreement, the plaintiff failed to demonstrate, prima facie, that he was entitled, under a theory of anticipatory breach, to the disputed monthly payments which had not yet accrued (*see Runfola v Cavagnaro*, 78 AD3d 1035, 1035 [2010]; *Acacia Natl. Life Ins. Co. v Kay Jewelers*, 203 AD2d 40, 43-44 [1994]; *Indian Riv. Is. Corp. v Manufacturers Trust Co.*, 253 App Div 549, 551 [1938]; *cf. Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 467-468 [1977]).

In light of the foregoing, we need not address the plaintiffs' remaining contentions. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.