STUART M. GREENE, Appellant, v MARCIA B. GREENE, Respondent. [938 NYS2d 629]—

The defendant was married to nonparty Rudolph Greene (hereinafter the decedent) and is the plaintiff's stepmother. The plaintiff is the decedent's son. At issue on this appeal are certain "EE" and "HH" federal bonds owned under the joint names of the decedent and the defendant (hereinafter the bonds). In May 2005, the decedent sent a letter to the plaintiff (hereinafter the decedent's letter), and instructed the plaintiff not to open the letter until the decedent's death. The plaintiff apparently complied with the decedent's wishes, and only opened the letter following the decedent's death on January 7, 2008. The decedent's letter indicated that, attached thereto, was a form to utilize to "rename" the bonds in the names of the plaintiff and the plaintiff's daughter. The letter was signed by the decedent and the defendant; the defendant's signature appeared below the statement, "witnessed by me today."

The plaintiff commenced this action, alleging, among other things, that the defendant had converted the bonds and had refused the plaintiff's demand to "return" the bonds to him. The defendant moved, inter alia, for summary judgment dismissing so much of the complaint as sought to recover damages for the alleged conversion of the bonds. The plaintiff crossmoved, among other things, for summary judgment on that portion of the complaint, asserting, inter alia, that he had established ownership of the bonds based upon the decedent's letter. The Supreme Court, among other things, granted the

aforementioned branch of the defendant's motion and denied the aforementioned branch of the plaintiff's cross motion, concluding that the decedent's letter did not constitute a valid inter vivos gift or a valid testamentary disposition. The plaintiff appeals from stated portions of the Supreme Court's order, and we affirm the order insofar as appealed from.

" 'To make a valid *inter vivos* gift the donor must intend to make an irrevocable present transfer of ownership, there must be a delivery of the gift, either by a physical delivery of the subject of the gift or a constructive or symbolic delivery, and there must be acceptance by the donee' " (*Ross v Ross Metals Corp.*, 87 AD3d 573, 575 [2011], quoting *Matter of Partos*, 203 AD2d 578, 578 [1994]; *see Gruen v Gruen*, 68 NY2d 48, 53 [1986]). " 'An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership; if the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will' " (*Ross v Ross Metals Corp.*, 87 AD3d at 575, quoting *Gruen v Gruen*, 68 NY2d at 53). "Moreover, '[t]he delivery required must be such as to vest the donee with control and dominion over the property . . . [and] intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given' " (*Ross v Ross Metals Corp.*, 87 AD3d at 575, quoting *Matter of Szabo*, 10 NY2d 94, 98 [1961] [internal quotation marks omitted]).

Here, in support of that branch of her motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for the alleged conversion of the bonds, the defendant established, prima facie, that the decedent did not, by the decedent's letter, make a valid inter vivos gift of the bonds to the plaintiff. The content of the letter and the decedent's instructions to the plaintiff that he not open the letter until after the decedent's death demonstrate that the decedent did not, by the letter, make " 'an irrevocable present transfer of ownership' " of the bonds to the plaintiff (*Ross v Ross Metals Corp.*, 87 AD3d at 575, quoting *Gruen v Gruen*, 68 NY2d at 53; *cf. Matter of Huyot*, 276 AD2d 697, 698 [2000], *cert denied sub nom. Huyon-Renoir v Flusser*, 535 US 1035 [2002]). Moreover, to the extent that the decedent attempted to make a testamentary disposition of the bonds, the disposition was ineffective, as it failed to comply with the requirements of EPTL 3-2.1. In opposition to the defendant's prima facie showing that the plaintiff did not have any enforceable ownership interest in the bonds, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of

the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for the alleged conversion of the bonds, and properly denied that branch of the plaintiff's cross motion which was for summary judgment on that portion of the complaint.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Dickerson, J.P., Chambers, Hall and Miller, JJ., concur.