■ RONALD JULIANO et al., Respondents, v FRANK ARTHUR JULIANO, Appellant, et al., Defendant. [44 NYS3d 482]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property and for a judgment declaring null and void a quitclaim deed dated October 8, 2003, the defendant Frank Arthur Juliano appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated February 20, 2014, as, after a nonjury trial, is in favor of the plaintiffs and against him, in effect, declaring that the quitclaim deed dated October 8, 2003, is null and void.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs are siblings who commenced this action against, among others, their brother, the defendant Frank Arthur Juliano (hereinafter Frank), to quiet title to a residential property in Brooklyn. Beatrice Juliano (hereinafter Beatrice), the mother of the four individual parties to this action, was the sole owner of the property, which she used as her residence until she was hospitalized in 2009. On March 14, 1995, Beatrice executed a will and testament in which she

bequeathed her entire estate to her four children equally. The primary asset of the estate was the subject property. In March 2009, Beatrice suffered a debilitating stroke. On September 24, 2009, Frank recorded a quitclaim deed dated October 8, 2003, with the Kings County Clerk's Office, which purported to transfer the subject property to him. Beatrice died on October 12, 2009. Upon her death, the plaintiffs learned of the quitclaim deed and subsequently commenced this action. After a nonjury trial, the Supreme Court determined that no completed inter vivos gift of the property had occurred, and, in effect, declared that the quitclaim deed is null and void.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Hom v Hom*, 101 AD3d 816, 817 [2012]; *DePaula v State of New York*, 82 AD3d 827 [2011]). Here, the Supreme Court's findings were warranted by the facts and will not be disturbed.

In order to make a valid inter vivos gift, "there must exist the intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and acceptance by the donee" (*Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *see Matter of Szabo*, 10 NY2d 94, 98 [1961]; *McCarthy v Kaminski*, 131 AD3d 950, 950 [2015]). "An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership; if the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will" (*Gruen v Gruen*, 68 NY2d at 53; *see Hom v Hom*, 101 AD3d at 817; *Greene v Greene*, 92 AD3d 838, 839 [2012]). Moreover, "[t]he delivery required must be such as to vest the donee with control and dominion over the property . . . [and] 'intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given' " (*Matter of Szabo*, 10 NY2d at 98, quoting *Vincent v Rix*, 248 NY 76, 83 [1928]; *see Greene v Greene*, 92 AD3d at 839; *Ross v Ross Metals Corp.*, 87 AD3d 573, 575 [2011]).

Here, the evidence supports the Supreme Court's finding that there was no completed inter vivos gift of the property. The face of the quitclaim deed purporting to transfer the subject property contains numerous whiteouts and handwritten markings, including the deletion of an entire clause and an

alteration to the date. Frank offered no credible or consistent explanation for these markings. In contrast to Frank's own self-serving and implausible testimony as to Beatrice's donative intent, the plaintiffs offered evidence that Beatrice intended the subject property to be sold as part of her estate. This evidence included the testimony of Beatrice's disinterested financial advisor that Beatrice intended the proceeds of the sale to fund a testamentary trust to benefit her disabled daughters. In addition, in November 2007, four years after the purported transfer, Beatrice obtained a mortgage on the subject premises.

Furthermore, although the law will presume an acceptance on the part of the donee when the gift is of value (*see Gruen v Gruen*, 68 NY2d at 57; *Shybunko v Geodesic Homes, Inc.*, 65 AD3d 581, 584 [2009]; *Matter of Partos*, 203 AD2d 578, 578 [1994]), it is a presumption that must yield to opposing evidence, including declarations of the supposed grantee which are inconsistent with the transfer of the title (*see Ten Eyck v Whitbeck*, 156 NY 341, 352 [1898]). Frank did not record the deed until 2009, shortly before Beatrice died but after her debilitating stroke. There is no evidence on this record suggesting that Beatrice instructed Frank not to record the deed immediately (*see Bader v Digney*, 55 AD3d 1290, 1291-1292 [2008]). When asked to explain why he waited several years to record the deed, Frank explained that he was not ready to accept ownership because of personal circumstances. Thereafter, he invoked his Fifth Amendment right against self-incrimination and declined to testify further. In addition, Beatrice's financial advisor testified that Frank was present at the closing of the 2007 mortgage, and he made no objection to Beatrice taking the new mortgage on property she allegedly had gifted to him four years earlier.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court correctly entered judgment in favor of the plaintiffs, in effect, declaring that the quitclaim deed is null and void. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.