In a probate proceeding in which Arnold Katz petitioned pursuant to SCPA 1421 to determine the validity and effect of an election pursuant to EPTL 5-1.1-A asserted by him against the estate of Sondra Katz and pursuant to SCPA 2102 (2) to compel the turnover of exempt property under EPTL 5-3.1, and in which Steven Fuchs and Karen Papadopoulos, as executors of the estate of Sondra Katz, petitioned, inter alia, pursuant to SCPA 2103 to recover certain property on behalf of the estate, Arnold Katz appeals, as limited by his brief, from so much of an order of the Surrogate’s Court, Kings County (Johnson, S.), dated January 11, 2017, as denied that branch of his motion which was for summary judgment declaring him the sole owner of certain real property, and Steven Fuchs and Karen Papado-poulos cross-appeal, as limited by their brief, from so much of the same order as granted those branches of Arnold Katz’s motion which were for summary judgment compelling them to turn over the sum of $25,000 as exempt property and directing them to return certain advance payments of commissions made without prior court approval, and denied their cross motion for summary judgment declaring null and void a transfer of the real property made on August 28, 2013, and compelling Arnold Katz to turn over certain personalty.
 

 Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
 

 The decedent divorced her first husband, with whom she had three children, and married Arnold Katz (hereinafter Katz) in 1984. As part of the divorce agreement, Katz and the decedent bought her ex-husband’s share of the former marital residence in Brooklyn (hereinafter the Brooklyn residence) in 1987. The resulting deed, however, only bore the decedent’s name.
 

 Decades later, by deed dated August 28, 2013, and recorded September 20, 2013 (hereinafter the 2013 deed), the decedent transferred the Brooklyn residence to herself and Katz, as part of a reverse mortgage transaction in which the decedent and Katz were co-borrowers. In October 2013, the decedent discovered that she had a fatal illness. She executed a last will and testament on October 12, 2013, in which she devised “all” of her “right, title, and interest” in the Brooklyn residence equally to her children. The decedent died on October 25, 2013.
 

 Katz, and two of the decedent’s children, Steven Fuchs and Karen Papadopoulos (hereinafter together the executors), filed a series of petitions in the Surrogate’s Court to resolve a number of questions regarding the decedent’s estate. Katz eventually moved, inter alia, for summary judgment declaring that the Brooklyn residence was his in fee simple absolute, compelling the executors to pay him the sum of $25,000 in exempt property, and directing the executors to return certain advance payments of commissions made without prior court approval. The executors opposed the motion and cross-moved for summary judgment declaring that the 2013 deed was null and void and compelling Katz to relinquish the Brooklyn residence and certain items of the decedent’s personalty still under his control. The Surrogate’s Court, inter alia, denied that branch of Katz’s motion which sought a declaration that he owned the Brooklyn residence in fee simple absolute, but granted those branches of his motion which sought the sum of $25,000 in exempt property as well as the return of advance payments of commissions made to the executors without prior court approval. The Surrogate’s Court denied the executors’ cross motion in its entirety. Katz appeals, and the executors cross-appeal.
 

 The elements of a valid inter vivos gift are an “intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and acceptance by the donee” (Gruen v Gruen, 68 NY2d 48, 53 [1986]; see McCarthy v Kaminski, 131 AD3d 950 [2015]). “ ‘An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership’ ” (Juliano v Juliano, 145 AD3d 983, 984 [2016], quoting Gruen v Gruen, 68 NY2d at 53; see Hom v Hom, 101 AD3d 816, 817-818 [2012]). “A deed is presumed to have been ‘delivered and accepted at its date,’ although the presumption must yield to opposing evidence” (Matter of Humann, 136 AD3d 1036 [2016], quoting M&T Real Estate Trust v Doyle, 20 NY3d 563, 568 [2013]). “ ‘[T]he proponent of a gift has the burden of proving each of these elements by clear and convincing evidence’ ” (Ross v Ross Metals Corp., 87 AD3d 573, 575 [2011], quoting Gruen v Gruen, 68 NY2d at 53).
 

 Here, Katz satisfied his prima facie burden of proving the existence of an inter vivos gift by clear and convincing evidence. Among other things, Katz established donative intent by submitting the 2013 deed, which the decedent validly executed on the day she and Katz closed on the reverse mortgage, and an accompanying affidavit in which the decedent handwrote “LOVE + AFFECTION” as her reason for conferring the Brooklyn residence in the absence of consideration. In opposition, however, the executors raised triable issues of fact as to the decedent’s intent. In addition to the will, the executors produced deposition testimony from participants at the reverse mortgage closing and the will signing ceremony which, if credited, could support a finding that the decedent did not intend to create a tenancy by the entirety with the 2013 deed.
 

 For the same reason, the executors are not entitled to summary judgment declaring that the Brooklyn residence is part of the decedent’s estate. In addition to triable issues of fact regarding the decedent’s intent in executing the 2013 deed, Katz also submitted evidence that he contributed the majority of the funds used to acquire the decedent’s ex-husband’s interest in the Brooklyn residence in 1987, thereby raising triable issues of fact regarding the existence of a constructive trust (see Kaprov v Stalinsky, 145 AD3d 869, 871 [2016]).
 

 Therefore, the Surrogate’s Court properly denied summary judgment to both Katz and the executors regarding the ownership of the Brooklyn residence (see Shybunko v Geodesic Homes, Inc., 65 AD3d 581, 584 [2009]).
 

 The Surrogate’s Court also properly awarded summary judgment to Katz on his request for the sum of $25,000 in exempt property. EPTL 5-3.1 (a) (6) provides, in relevant part, that certain items of property are not assets of the estate, but vest in and shall be set off to such surviving spouse, including “[m]oney . . . not exceeding in value twenty-five thousand dollars.” “A qualified beneficiary under EPTL 5-3.1 may not be deprived of the exemptions without valid consent, release, estoppel, or waiver” (Matter of Dito, 218 AD2d 737, 737 [1995]). As Katz correctly argues, the exempt property to which he is entitled vested upon the decedent’s death and never became part of the estate. Subject only to a limited statutory exception for the unpaid portion of reasonable funeral expenses, which has no application here (see EPTL 5-3.1 [a] [6]), exempt property cannot be used to satisfy the estate’s debts (see Crawford v Nassoy, 173 NY 163 [1903]; Matter of Macneal, 174 Misc 947, 950 [1940]). Contrary to the executors’ contention, the fact that they are entitled to inventory exempt property for purposes of ensuring compliance with the provisions of EPTL 5-3.1 generally (cf. Crawford v Nassoy, 173 NY at 166; SCPA 2103) does not mean that they can withhold the payment of sums owed to Katz pursuant to EPTL 5-3.1 (a) (6) until such inventory has been completed.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.