Lurie v Lurie (2021 NY Slip Op 06681)





Lurie v Lurie


2021 NY Slip Op 06681


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2021-01745
 (Index No. 515908/18)

[*1]Neil Lurie, et al., respondents,
v
Abraham Lurie, et al., appellants.


Law Offices of Louis Venezia, P.C., Forest Hills, NY, for appellant Abraham Lurie, and Akerman LLP, New York, NY (Massimo F. D'Angelo of counsel), for appellants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust (one brief filed).
Morrison Cohen, LLP, New York, NY (Y. David Scharf, Kristin T. Roy, and Joaquin Ezcurra of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff Neil Lurie is the sole owner and stockholder of the plaintiff Lurie Management Corp., to impose a constructive trust, and to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 4, 2021. The order denied the defendants' motion for summary judgment on their counterclaims for a judgment declaring, among other things, that the sole shareholders of the plaintiff Lurie Management Corp. are the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust and an accounting.
ORDERED that the order is affirmed, with costs.
In 1989, the defendant Abraham Lurie incorporated the plaintiff Lurie Management Corp. (hereinafter LMC), naming himself as sole owner and shareholder. In 2018, Neil Lurie, Abraham's son, received a letter from Abraham's attorney stating that Abraham had transferred his ownership of the stock of LMC to three trusts: 49% to the defendant Neil Lurie Trust, which was created by Abraham for the benefit of Neil, 25.5% to the defendant Susan Lurie Trust, which was created by Abraham for the benefit of Abraham's daughter Susan Lurie, and 25.5% to the defendant Leila Lurie Trust, which was created by Abraham for the benefit of Abraham's daughter Leila Lurie. Thereafter, Neil and LMC commenced this action, inter alia, for a judgment declaring that Neil is the sole owner and shareholder of LMC, having been gifted ownership via a stock certificate executed by Abraham in 1998. The defendants' answers to the complaint included counterclaims, among other things, for a judgment declaring that the sole shareholders of LMC are the Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust and an accounting. Following discovery, the defendants moved for summary judgment on their counterclaims for a judgment declaring, inter alia, that the sole shareholders of LMC are the Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust and an accounting, arguing that the signature on the stock certificate was a forgery, that no gift was intended, and that Abraham continued to exert dominion and control over LMC after 1998. The Supreme Court denied the defendants' motion, and the defendants appeal.
The elements necessary for a valid inter vivos gift are (1) intent of the donor to make [*2]an irrevocable present transfer of ownership; (2) physical or constructive delivery, sufficient to divest the donor of dominion and control over the property; and (3) acceptance of the gift by the donee (see Gruen v Gruen, 68 NY2d 48, 53; Chiaro v Chiaro, 213 AD2d 369, 370). "[T]he proponent of a gift has the burden of proving each of these elements by clear and convincing evidence" (Matter of Katz, 154 AD3d 687, 689 [internal quotation marks omitted]; cf. Matter of Voyiatgis, 110 AD3d 911, 912).
Here, the defendants established, prima facie, a lack of donative intent for Abraham's alleged inter vivos gift of ownership of LMC to Neil in 1998. In opposition, however, the plaintiffs raised triable issues of fact as to whether Abraham had the requisite donative intent to make an irrevocable present transfer of the stock and whether that transfer was actually effectuated (see Shybunko v Geodesic Homes, Inc., 65 AD3d 581).
Contrary to the defendants' contention, the testimony of Neil and LMC's accountant as to how the stock certificate for LMC, which those witnesses testified had been lost in a fire in 2006, came to be found by the accountant in January 2020, only raised an issue of credibility that cannot be determined on a motion for summary judgment (see Correa v Matsias, 153 AD3d 1312, 1314).
The defendants' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court