Monaco v Harmel (2023 NY Slip Op 03860)

Monaco v Harmel

2023 NY Slip Op 03860

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04610
 (Index No. 623029/17)

[*1]Vincent G. Monaco, et al., appellants-respondents,
v
Maria Harmel, etc., et al., respondents-appellants.

Law Office of Joel J. Ziegler, PLLC, Smithtown, NY, for appellants-respondents.
Haley Weinblatt & Calcagni, LLP, Islandia, NY (Richard D. Daley of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to set aside a transfer of certain real property as a fraudulent conveyance, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated May 5, 2020. The order, insofar as appealed from, upon reargument, vacated a determination in an order of the same court dated August 29, 2019, granting the plaintiffs' motion for summary judgment on the amended complaint and denying the defendants' cross-motion for summary judgment dismissing the amended complaint, and, thereupon, denied those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action to the extent that they sought a judgment declaring that Vincent G. Monaco became the owner of 100% of the shares of the plaintiff Monaco Restoration Project Corp. upon the death of Ann Monaco, and denied those branches of the plaintiffs' motion which were for summary judgment on the third, fourth, and fifth causes of action. The order, insofar as cross-appealed from, upon reargument, granted those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action to the extent that they sought a judgment declaring that the plaintiff Vincent G. Monaco is the owner of 49% of the shares of the plaintiff Monaco Restoration Project Corp. and, in effect, denied those branches of the defendants' cross-motion which were for summary judgment with respect to the first and second causes of action to the extent that they sought a judgment declaring that the 51% of the shares of the plaintiff Monaco Restoration Project Corp. that belonged to Ann Monaco is an estate asset.
ORDERED that the order dated May 5, 2020, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, denying those branches of the defendants' cross-motion which were for summary judgment with respect to the first and second causes of action to the extent that they sought a judgment declaring that the 51% of the shares of the plaintiff Monaco Restoration Project Corp. that belonged to Ann Monaco is an estate asset, and substituting therefor a provision, upon reargument, granting those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.
In 2003, Ann Monaco (hereinafter the decedent) was the owner of certain real property located in Brooklyn (hereinafter the subject properties). In September 2003, the decedent and her nephew, the plaintiff Vincent G. Monaco (hereinafter Vincent), formed a corporation, the plaintiff Monaco Restoration Project Corp. (hereinafter Monaco Restoration), and the decedent transferred ownership of the subject properties to Monaco Restoration. Pursuant to a shareholders' [*2]agreement dated September 20, 2003, the decedent owned 51% of the shares of Monaco Restoration and Vincent owned the remaining 49% of the shares. A stock certificate signed by the decedent (hereinafter the stock certificate) indicated that her 51% of the shares of Monaco Restoration was held "I/T/F Vincent G. Monaco."
In 2012, the decedent transferred ownership of the subject properties to Monaco Milford, Inc., and, in 2014, Monaco Milford, Inc., transferred the subject properties to Monaco A & M Property Management, LLC. It is undisputed that the decedent was the sole stockholder of both Monaco Milford, Inc., and Monaco A & M Property Management, LLC.
In November 2017, Vincent commenced the instant action alleging, inter alia, that the transfer of the subject properties in 2012 and 2014 violated the 2003 shareholders' agreement. The decedent died shortly thereafter. The decedent's last will and testament (hereinafter the will) excluded Vincent and bequeathed all stock in both Monaco Milford, Inc., and Monaco A & M Property Management, LLC, to the decedent's niece, Maria Harmel. The will further bequeathed the remainder of the estate, with the exception of certain specific bequests not relevant to this action, to Harmel. Harmel was appointed executor of the decedent's estate and was later substituted as a defendant in this action.
In January 2018, an amended complaint, also naming Monaco Restoration as a plaintiff, was filed, alleging, inter alia, that, upon the decedent's death, Vincent became the sole owner of Monaco Restoration. The amended complaint contains causes of action to recover damages for violations of the Business Corporation Law (first and second causes of action), fraudulent conveyance (third cause of action), usurpation of corporate opportunity (fourth cause of action), and unjust enrichment and constructive trust (fifth cause of action).
Following discovery, the plaintiffs moved for summary judgment on the amended complaint. The defendants cross-moved, inter alia, for summary judgment dismissing the amended complaint. By order dated August 29, 2019, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross-motion. Thereafter, the defendants moved for leave to reargue their opposition to the plaintiffs' motion and their cross-motion.
By order dated May 5, 2020, the Supreme Court granted the defendants' motion for leave to reargue and, upon reargument, vacated the order dated August 29, 2019, and thereupon, denied those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action to the extent that they sought a judgment declaring that Vincent became the owner of 100% of the shares of Monaco Restoration upon the decedent's death, and denied those branches of the plaintiffs' motion which were for summary judgment on the third, fourth, and fifth causes of action. The order also, upon reargument, granted those branches of the plaintiffs' motion which were for summary judgment with respect to the first and second causes of action to the extent that they sought a judgment declaring that Vincent is the owner of 49% of the shares of Monaco Restoration and, in effect, denied those branches of the defendants' cross-motion which were for summary judgment on the first and second causes of action to the extent that they sought a judgment declaring that the 51% of the shares of Monaco Restoration that belonged to the decedent is an estate asset. The plaintiffs appeal and the defendants cross-appeal.
The Supreme Court properly determined that Vincent is the owner of 49% of the shares of Monaco Restoration. "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Accordingly, when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms" (Mahmood v County of Suffolk, 166 AD3d 751, 753 [citations and internal quotation marks omitted]). The plaintiffs established their prima facie entitlement to judgment as a matter of law regarding minority ownership of Monaco Restoration by submitting, among other things, a copy of the shareholders' agreement, which, as the court determined, was clear and unambiguous, and which stated that Vincent is the owner of 49% of the shares of Monaco Restoration. In opposition, the defendants failed to raise a triable issue of fact. Their various submissions, which constituted parol evidence, were inadmissible to determine the parties' intent [*3]with regard to the shareholders' agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163; Orlando v County of Putnam, 208 AD3d 503, 504-505).
The Supreme Court also properly determined that the decedent's interest in Monaco Restoration did not pass to Vincent at the time of her death because the stock certificate did not create a valid lifetime trust (see EPTL 7-1.17).
However, the Supreme Court erred in determining that issues of fact existed regarding whether the stock certificate was an inter vivos gift. "The elements necessary for a valid inter vivos gift are (1) intent of the donor to make an irrevocable present transfer of ownership; (2) physical or constructive delivery, sufficient to divest the donor of dominion and control over the property; and (3) acceptance of the gift by the donee" (Lurie v Lurie, 200 AD3d 669, 670; see Gruen v Gruen, 68 NY2d 48, 53). "'An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership'" (Juliano v Juliano, 145 AD3d 983, 984, quoting Gruen v Gruen, 68 NY2d at 53). Here, it is undisputed that the stock certificate was not intended to make an irrevocable present transfer of ownership.
Based on the foregoing, the Supreme Court erred in, upon reargument, in effect, denying those branches of the defendants' cross-motion which were for summary judgment with respect to the first and second causes of action to the extent that they sought a judgment declaring that the 51% of the shares of Monaco Restoration that belonged to the decedent is an estate asset.
The plaintiffs' remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court