**Goldstein v JP Morgan Chase Bank, N.A.**

2024 NY Slip Op 31288(U)

April 10, 2024

Surrogate's Court, New York County

Docket Number: File No. 2017-1117

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

New York County Surrogate's Court
DATA ENTRY DEPT.

APR 1 0 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
HILLARY GOLDSTEIN,

                      Plaintiff,

           -against-

JP MORGAN CHASE BANK, N.A.,

                    Defendant.
------------------------------------------------------------------x
JP MORGAN CHASE BANK, N.A.,

                  Third-Party Plaintiff,

           -against-

ROBERT FEILER,

                  Third-Party Defendant.
------------------------------------------------------------------x
ROBERT FEILER, as Preliminary Executor of the Estate
of Paulette Feiler Goldstein,

                  Intervenor-Plaintiff,

           -against-

HILLARY GOLDSTEIN and JP MORGAN CHASE
BANK, N.A.,

                  Intervenor-Defendants.
------------------------------------------------------------------x

File No. 2017-1117

Supreme Court Index
No. 160431/2016

GINGOLD, S.

      The following papers were read in determining the motion and cross-motions:

                                                        Papers Numbered

Notice of Motion dated August 3, 2020 – Affirmation
Of Mario Biaggi Jr. dated August 3, 2020 and Exhibits                1-2

Notice of Cross-Motion for Summary Judgment dated
September 14, 2022 – Memorandum of Law dated
September 14, 2022 – Affirmation of Michelle E. Tarson dated
September 14, 2022 and Exhibits-- Affidavit of George Arroyo
sworn to September 13, 2022 And Exhibits – Affidavit of Patrick
Preuss sworn to September 9, 2022        3-7

Notice of Cross-Motion dated September 16, 2022 – Affirmation
of Steven Giordano dated September 16, 2022 and Exhibits        8-9

Affirmation of Michelle E. Tarson dated October 28, 2022
and Exhibits – Affidavit of George Arroyo sworn to March 14, 2022
and Exhibits – Memorandum of Law dated October 28, 2022        10-12

Affirmation of Steven Giordano dated October 28, 2022 and Exhibits        13

Affirmation of Mario Biaggi Jr. dated October 25, 2022 and Exhibits        14

Affidavit of Patrick Preuss sworn to February 23, 2022 and Exhibits        15

Affirmation of Michelle E. Tarson dated November 17, 2022
and Exhibits – Memorandum of Law dated November 17, 2022        16-17

In this action transferred from Supreme Court, New York County, concerning disputed transfers from decedent's bank accounts, Robert Feiler, as preliminary executor of the estate, moves for summary judgment on the estate's claims against Hillary Goldstein and JP Morgan Chase Bank, N.A. (Chase). Chase opposes the motion and cross-moves for summary judgment seeking to be discharged of liability. Goldstein opposes Feiler's motion and cross-moves to amend her complaint. The motions are consolidated for purposes of this decision and order.

Background

Decedent died on October 18, 2016, at age 83, survived by two children, Robert Feiler (Feiler) and Hillary Goldstein (Goldstein). In her propounded will, executed in 2003, decedent left her entire estate to Feiler and named her sister and Feiler as co-executors. Feiler petitioned to have this instrument probated and he received preliminary letters on June 7, 2017.

2

A few months prior to decedent's death, Feiler attempted to withdraw funds from decedent's Chase accounts by using a power of attorney executed by decedent in 2006. However, Feiler discovered that Goldstein had transferred all the funds in decedent's account into her own account at Chase by using a power of attorney executed by decedent in 2013. Feiler complained to Chase that the 2013 power of attorney used by Goldstein was invalid, and Chase responded by placing a hold on decedent's accounts and, a few months later, on Goldstein's accounts.

Thereafter, in December 2016, Goldstein commenced this action against Chase seeking the release of funds from her accounts. Chase, in turn, filed an interpleader complaint in February 2017 against Feiler in his individual capacity. After his appointment as preliminary executor, Feiler moved to intervene in this action on behalf of the estate, seeking to assert causes of action against Goldstein for, inter alia, breach of fiduciary duty, conversion and unjust enrichment, and against Chase for negligence and breach of contract.

In September 2017, the Supreme Court granted Feiler's motion to intervene and to transfer the action to this court. The Supreme Court's decision also denied Chase's motion for an order requiring Feiler and Goldstein to interplead and settle their claims and discharging Chase from liability. After the case was transferred to this court, Goldstein and Chase filed answers to Feiler's intervenor complaint and Chase asserted a cross-claim against Goldstein for indemnification.

Feiler, as preliminary executor of the estate, now moves for summary judgment on all of the causes of action in his intervenor complaint against Goldstein and Chase. Defendant/third-party plaintiff/intervenor-defendant Chase opposes the motion and cross-moves for summary judgment seeking (i) dismissal of all claims asserted against it by Feiler, as preliminary executor, and by Goldstein; (ii) an award of summary judgment on its cross-claim for contractual and common-law indemnification against co-intervenor defendant Goldstein; (iii) an order allowing or

3

[* 3]

directing Chase to deposit the disputed funds into court or with a receiver and discharging Chase from liability. Plaintiff/intervenor-defendant Goldstein also opposes Feiler's motion and cross-moves to amend her complaint to assert additional causes of action against Chase for damages. The motions were submitted on July 12, 2023.

Thereafter, the parties appeared for a settlement conference with the court and entered into a stipulation dated April 4, 2024, discontinuing all claims by or against Chase. As a result of the parties' partial settlement, the only motion that remains before the court is Feiler's motion for summary judgment on his claims against Goldstein.

Discussion

It is well-established that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016]). The burden then shifts to the motion's opponent to lay bare her proof by presenting "evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Sumitomo Mitsui Banking Corp. v Credit Suisse*, 89 AD3d 561, 563 [1st Dept 2011], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise an issue of fact (*Zuckerman v City of New* York, 49 NY2d at 562).

In his motion, Feiler seeks summary judgment on the estate's claims against Goldstein for breach of fiduciary duty, conversion, money had and received, unjust enrichment, tortious interference with contract, constructive trust, accounting and for a preliminary and permanent injunction. These claims are based on the transfers of funds from decedent's Chase accounts to

4

Goldstein's accounts pursuant to an allegedly defective power of attorney. These transactions, which span from April 2014 through May 31, 2016, total $905,163.25.

**Breach of Fiduciary Duty**

With regard to his claim for breach of fiduciary duty, Feiler argues that Goldstein, acting as the decedent's purported agent-in-fact, breached this duty by taking decedent's money for her own personal use, which was not authorized under the power of attorney instrument.

It is well-established that Goldstein, as the attorney-in-fact for the deceased, owed a duty of loyalty to the decedent (General Obligations Law Section 5-1505). This required her to act in the best interest of the principal "in accordance with the highest principles of morality, fidelity, loyalty and fair dealing" (*Matter of Ferrara*, 7 NY3d 244, 254 [2006]). Further, absent a specific provision in the power of attorney instrument authorizing gifts, an attorney-in-fact, in exercising her fiduciary responsibilities to the principal, may not make a gift to herself or to a third party of the money or property which is the subject of the agency relationship (*Marszal v Anderson*, 9 AD3d 711, 712-13 [3d Dept 2004]). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make a gift" (*Id*; *see also Matter of Audrey Carlson Revocable Trust*, 59 AD3d 538, 540 [2d Dep't 2009]). Moreover, any gifts made pursuant to a power of attorney must be in the best interest of the principal (*Matter of Ferrara*, 7 NY3d at 254-55 [holding that the term "best interest" does not include "such unqualified generosity" as to impoverish the donor in contravention of his estate plan]).

Here, in support of his breach of fiduciary duty claim, Feiler submits bank statements for decedent's bank account which show transfers to Goldstein's accounts at Citibank and Chase (Affirmation of Mario Biaggi Jr. dated August 3, 2020, Exhs. 6-17). He also submits the power of

5

attorney document executed by decedent on August 1, 2013, appointing Goldstein as her agent, which does not contain any specific provision authorizing gifts (Biaggi Aff., Exh. 5). Thus, Feiler has established his prima facie entitlement to summary judgment on this claim (*McGee v St James Property Holding Co*, 217 AD3d 937, 939 [2d Dept 2023]).

In opposition, Goldstein first contends that some of these transfers were not gifts but were used to pay decedent's expenses. However, she fails to support this argument with any documentation or with any testimony detailing the expenses she allegedly paid on behalf of decedent. Thus, she fails to raise an issue of fact to show that these transfers were used for decedent's benefit.

Second, Goldstein argues that even if these funds were not used to pay for decedent's expenses, decedent authorized her to make these transfers so that she could take care of herself and her grandchildren. In support, Goldstein refers to her deposition testimony in this matter. According to her testimony, Goldstein had several conversations with decedent regarding the 2013 power of attorney and decedent's intentions regarding her assets. Goldstein testified that decedent told her that she wanted her to have a power of attorney over her affairs so that she could take care of not only decedent but also her grandchildren. According to Goldstein, decedent told her on several occasions to "do as [you] see fit with [my] funds" (Biaggi Aff., Exh. 18 [Goldstein Dep. Tr. 187, 203-04]). In addition, as further support of decedent's intent, Goldstein submits a copy of a holographic will decedent executed in France simultaneously with the 2013 power of attorney in which decedent left all her financial assets to Goldstein and her grandchildren (Affirmation of Steven Giordano dated September 16, 2022, Exh. F).

Given Goldstein's financial interest in the outcome of this litigation, her testimony regarding decedent's intentions runs afoul of the Dead Man's Statute (CPLR 4519). Generally,

6

[* 6]

"evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of objection (*Stathis v Estate of Karas*, 193 AD3d 897, 900 [2d Dep't 2021] [citing *Phillips v Kantor & Co*, 31 NY2d 307 (1972)]). Thus, evidence which is excludable at trial under CPLR 4519 may be considered in opposition to a motion for summary judgment (*Id*). However, a trial is unnecessary, and an award of summary judgment is appropriate, if all the proof would be excludable (*Id* at 901).

In opposition to Feiler's motion, Goldstein primarily relies on her own self-serving testimony to show that decedent authorized the transfers. While Goldstein also submits a copy of a holographic will purportedly executed by decedent in France, this document is only probative of decedent's testamentary plan and it does not show decedent's intention "to make an irrevocable present transfer of ownership" (*Greene v Greene*, 92 AD3d 838, 839 [2d Dep't 2012]; *Marszal*, 9 AD3d at 713). Where, as here, the sole relevant evidence submitted in opposition to the motion is barred by the Dead Man's Statute, an award of summary judgment is appropriate since "a trial would seem unnecessary if it were certain that all the proof were excludable" (*Phillips*, 31 NY2d at 314; *Stathis*, 193 AD3d at 901; *Marszal*, 9 AD3d at 713; *Matter of Lockwood*, 234 AD2d 782 [3d Dep't 1996]).

Even if the court were to consider this evidence, it would not convey the "clearest showing of intent" required to overcome the presumption of impropriety (*Matter of Naumoff*, 301 AD2d 802, 803 [3d Dep't 2003]). Goldstein's self-serving and vague testimony that decedent told her to "do as [you] see fit with [my] funds" is simply insufficient to create a question of fact as to decedent's intent to make an *inter vivos* gift (*Marszal*, 9 AD3d at 713; *Mantella v Mantella*, 268 AD2d 852, 853 [3d Dep't 2000]; *see also Matter of Goodwin*, NYLJ, April 10, 2012 at 31, col 1

7

[Sur Ct, Suffolk County] [holding that respondent's self-serving testimony was insufficient to create an issue of fact as to principal's gift-giving intent]). Further, Goldstein has presented no evidence to show that the transfers at issue were made in decedent's best interest to carry out her "financial, estate or tax plans" (*Matter of Ferrara*, 7 NY3d at 254). Indeed, by the time decedent's account was frozen in May 2016, the account had been drained due to Goldstein's transfers, with a balance of approximately $8,000 remaining in the account (Biaggi Aff., Exh. 15). Clearly, such conduct, which essentially impoverished the decedent, was not in her "best interest," particularly where her estate plan, as demonstrated by the propounded will executed in 2003, contradicts any desire to benefit Goldstein (*Matter of Ferrara*, 7 NY3d at 254). Even under the purported holographic will executed by decedent in 2013, Goldstein's actions run contrary to decedent's wishes as this instrument leaves half of Goldstein's financial assets to decedent's grandchildren (Giordano Aff., Exh. F). Accordingly, Goldstein has failed to rebut Feiler's prima facie showing and his motion for summary judgment on this claim must be granted.

**Conversion**

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc*, 8 NY3d 43, 49-50 [2006]). The two key elements of conversion are (1) petitioner's possessory right or interest in the property and (2) respondent's dominion over the property or interference with it, in derogation of petitioner's rights (*Id* at 5). Here, Feiler has met his prima facie burden by submitting evidence which shows that Goldstein transferred funds from decedent's bank account into her own account pursuant to a power of attorney document which did not include a specific provision authorizing gifts. In opposition, Goldstein has failed to create an issue of fact because, as discussed above, she

8

has failed to show that the funds were used for decedent's benefit or that decedent intended to make an *inter vivos* gift. Accordingly, Feiler is entitled to summary judgment on this claim.

**Unjust Enrichment**

"An unjust enrichment claim is rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another" (*Georgia Malone & Co v Rieder*, 19 NY3d 511, 516 [2012]). Thus, to support the claim, a party must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Id*). Here, Feiler has met his prima facie burden by showing that Goldstein transferred money out of decedent's account into her own account without authority and Goldstein has failed to rebut this showing. Accordingly, Feiler is entitled to summary judgment on this claim.

**Money Had and Received**

In order to prevail on a cause of action for money had and received, a petitioner must show that (1) the respondent received money belonging to the petitioner, (2) the respondent benefitted from receipt of the money, and (3) under principles of equity and good conscience, the respondent should not be permitted to keep the money (*Pacella v RSA Consultants, Inc*, 164 AD3d 806, 808 [2d Dep't 2018]). Here, Feiler has met his prima facie burden by demonstrating that Goldstein took decedent's funds without authority and Goldstein has failed to rebut this showing. Accordingly, Feiler is entitled to summary judgment on this claim.

**Tortious Interference with Contract, Imposition of a Constructive Trust, Accounting, and Preliminary and Permanent Injunction**

While Feiler states in his notice of motion that he is seeking summary judgment on all the claims asserted in the intervenor-complaint, he has not made any arguments or offered any evidence to support his motion on these claims. Thus, his motion for summary judgment must be

9

denied with respect to his claims against Goldstein for tortious interference with contract, constructive trust, accounting and for a preliminary and permanent injunction.

Accordingly, it is

ORDERED that Feiler's motion for summary judgment is granted on the first, second, third and fourth causes of action asserted against Goldstein in the intervenor-complaint, and is otherwise denied; and it is further

ORDERED that Chase's cross-motion for summary judgment is denied as moot; and it is further

ORDERED that Goldstein's cross-motion to amend is denied as moot; and it is further

ORDERED Feiler shall file a note of issue by May 31, 2024; it is further

ORDERED that the parties and counsel shall appear for a pre-trial conference on June 12, 2024 at 11:00 a.m. in Courtroom 509 at 31 Chambers Street, New York, New York. All counsel and their clients are required to attend.

The Clerk of the Court shall email the parties a copy this decision and order.

Dated: April 10th, 2024

_____
S U R R O G A T E

[* 10]

To:

Steven Giordano, Esq.
Vlock & Associates, PC
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020
sgiordano@vlocklaw.com
*Attorney for Hillary Goldstein*

Mario Biaggi, Jr., Esq.
Law Offices of Mario Biaggi, Jr.
60 East 42nd Street, 47th Floor
New York, New York 10165
(212) 233-8000
mbiaggi@220law.com
*Attorney for Robert Feiler, Individually*
*and as Preliminary Executor of the Estate*
*of Paulette Feiler Goldstein*